IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Robert Kowalski | ) | |
|       Plaintiff, | ) | No. 17 C 560 |
| v. | ) | Judge Virginia M. Kendall |
| Shauna Hon. Boliker, et al | ) | |
|       Defendants. | ) | |

## ORDER

Defendants Boliker and Dickler's Motion to Dismiss (Dkt. 19) and Defendants Cook County,[1] Sheriff Dart, Nicholas Scouffas, and Kevin Connelly's (the "Cook County Defendants") Motion to Dismiss (Dkt. 26) are granted. Plaintiff's Motion for Injunctive Relief against Judge Dickler (Dkt. 28) and his Motion for Leave to Amend Complaint (Dkt. 32) are denied and the Complaint is dismissed without prejudice.

## BACKGROUND

Pursuant to Sections 1983 and 1985, Plaintiff Robert Kowalski claims an array of misconduct on the part of two Cook County judges who allegedly interfered in his divorce case and thereby violated his Constitutional rights. (Dkt. 15.) He also claims that Cook County, Thomas Dart, the Cook County Sheriff, and two high ranking Sherriff's Office employees violated his Constitutional rights by denying him access to an identification card that would enable him to enter the Cook County Courthouse without going through security screening and failing to respond to a subpoena, which was quashed by a state court judge.

Plaintiff originally came to federal court seeking emergency relief to block the involvement of Judge Boliker and Judge Dickler in his divorce case claiming that they were violating the judicial ethical code and thereby also violating his Constitutional rights. (*See* Dkt. 23.) Judge Boliker is a friend of Plaintiff's wife, Martha Padilla. Plaintiff and Padilla are embroiled in a three-year long highly contested divorce case involving child custody issues. Plaintiff is a licensed attorney and as such is held to the standard of ethical conduct and pleading expected of all licensed attorneys. As such, Plaintiff should know both the law pertaining to his accusations and also his own ethical obligations as a licensed attorney. In spite of this, Plaintiff has brought forth charges that are not supported factually or legally and therefore cannot stand even at this early stage of pleading. Based on the numerous factual statements that Plaintiff has made to the Court, both in writing and orally at various hearings, he has pleaded his case out of court because he has clearly

---

[1] Cook County itself is not a proper party defendant in relation to Plaintiff's claims against the Sheriff's office. *See Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989).

established that this Court does not have jurisdiction over his claims. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) (citing *Massey v. Merrill Lynch & Co.*, 464 F.3d 642, 650 (7th Cir.2006)) ("[A] party may plead itself out of court by pleading facts that establish an impenetrable defense to its claims.").

## LEGAL STANDARD

"'When reviewing a dismissal for lack of subject matter jurisdiction, we note that a district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff.'" *Evers v. Astrue*, 536 F.3d 651, 656 (7th Cir. 2008) (quoting *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir.2007)). In considering such a motion, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *St. John's United Church of Christ*, 502 F.3d at 625 (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir.1999). "[A] plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met." *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588–89 (7th Cir. 2014). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Doe v. Village of Arlington Heights,* 782 F.3d 911, 914 (7th Cir. 2015). To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide sufficient facts so as to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Similarly, the Court accepts all well-pled facts as true and views them in the light most favorable to the plaintiff. *Hatmaker v. Mem'l Med. Ctr.,* 619 F.3d 741, 743 (7th Cir. 2010).

## DISCUSSION

First, Plaintiff believes that Judge Boliker violated his Constitutional rights in part because she provided a photo of him to circuit court personnel and her staff. According to the Plaintiff, Boliker did so due to her concerns that Kowalski was inappropriately stalking her in various courtrooms throughout the courthouse and sending her inappropriate emails. (*See* Dkt. 15 ¶¶ 1(a), 65.) Due in part to apparent concerns regarding Plaintiff's contacts with the judge, the Cook County Sheriff's office, which controls security at the courthouse, did not permit Kowalski to renew his identification card that permits attorneys to bypass metal detectors at Cook County courthouses. (*Id.* ¶ 68.) When he appeared before the Court, however, Kowalski admitted that not only did he attend court proceedings at the Circuit Court of Cook County, he did so just days before. Avoiding metal detectors in a courthouse is not a constitutional right, it is a privilege.[2] There is no question that he has not been denied access to the courthouse and cannot claim a due process deprivation of liberty; he has merely been denied the privilege of passing around security because of the Sheriff's office's decision not to renew his attorney card. As such, his due process claim will be interpreted as a procedural due process claim related to the deprivation of property.

---

[2] The Court notes that all attorneys, without exception, are required to pass through security at many federal courthouses, including the Dirksen Federal Courthouse.

"A procedural due process violation occurs when (1) conduct by someone acting under the color of state law (2) deprives the plaintiff of a protected property interest (3) without due process of law." *Tenny v. Blagojevich*, 659 F.3d 578, 581 (7th Cir. 2011). "A procedural due process claim requires a two-fold analysis. First, [the court] must determine whether the plaintiff was deprived of a protected interest; second, [the court] must determine what process is due." *Leavell v. Ill. Dep't of Natural Res.*, 600 F.3d 798, 804 (7th Cir. 2010). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). "[P]roperty interests are not created by the Constitution, but instead are created, if at all, 'by existing rules or understandings that stem from an independent source such as state law.'" *Lee v. Bd. of Trustees of W. Illinois Univ.*, 202 F.3d 274 (7th Cir. 2000) (quoting *Draghi v. County of Cook*, 184 F.3d 689, 692 (7th Cir.1999)). Plaintiff has wholly failed to allege that he held a property interest in his attorney card and that the decision not to renew his attorney card rose to the level of a constitutional violation.[3] As such, dismissal of his claims against the Cook County Defendants regarding their decision not to renew his attorney card is warranted.

Plaintiff's other claim against the Cook County Defendants – challenging their failure to respond to his subpoena in his divorce case, which was quashed by a state judge – also fails because in these circumstances, the Court lacks jurisdiction to review the underlying state court proceedings. *See Walton v. Claybridge Homeowners Ass'n, Inc.*, 433 F. App'x 477, 479 (7th Cir. 2011) ("The *Rooker–Feldman* doctrine stripped the district court of jurisdiction to involve itself in [Plaintiff's] blatant attempt at an appeal, notwithstanding her allegations that the state court's judgment runs afoul of the United States Constitution."); *Lawrence v. Interstate Brands*, 278 F. App'x 681, 684 (7th Cir. 2008) (same).[4]

Second, his claim regarding various correspondence sent by the judges as violations of his rights also fails because either he instigated the action taken by the judges or the judges are protected by absolute judicial immunity.

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967). "Like other forms of official immunity, judicial immunity is an

---

[3] The Court also notes that the Supreme Court "has recognized, on many occasions, that where a State must act quickly, or where it would be impractical to provide predeprivation process, postdeprivation process satisfies the requirements of the Due Process Clause." *Gilbert v. Homar*, 520 U.S. 924, 930 (collecting cases). The three-prong standard in *Mathews v. Eldridge* governs the inquiry and considers the private interest affected, the risk of erroneous deprivation through the procedures used, and the Government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Based on his allegations and representations in open court, there is no question that the private interest affected is de minimis and that the Sheriff has a substantial and legitimate interest in protecting the safety of those that visit the County's courthouses.

[4] Plaintiff's claims against Judge Boliker regarding her failure to respond to a subpoena fail for similar reasons. (Dkt. 15 ¶¶ 17-53.) *See also FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007) ("*Younger* generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings.").

immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "The doctrine applies even when the judge is accused of acting maliciously and corruptly. Should a judge err through inadvertence or otherwise, a party's remedy is through appellate processes." *Lowe v. Letsinger*, 772 F.2d 308, 311 (7th Cir. 1985) (internal citations omitted). The doctrine can only be overcome in two circumstances: (1) if the judge engages in nonjudicial actions; or (2) though judicial in nature, actions taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12.

As an initial matter, Plaintiff repeatedly alleges that the judges were acting under the color of state law and pursuant to their judicial authority, providing sufficient justification for the application of absolute judicial immunity. (*See* Dkt. 15 ¶ 1 (the judges used their "judicial position[s]" to deprive Plaintiff of his rights); *id.* ¶¶ 8, 14 (the judges acted "under the authority or color of Illinois law").

Yet even ignoring his description of the judicial acts, based on the nature of the allegations against Judge Dickler, it is clear that she is entitled to judicial immunity. Plaintiff claims that Judge Dickler, the Presiding Judge of the Domestic Relations Division of the Cook County Circuit Court, violated Plaintiff's rights by revealing to the parties and judge in the divorce proceedings an ex parte communication sent to her by Plaintiff's counsel demanding judicial action regarding the guardian ad litem in the divorce proceedings. (Dkt. 15 ¶¶ 99-115.) Based on these allegations, there is no question that Judge Dickler was performing a judicial act and following her ethical obligations to reveal ex parte communications sent to her which had not been revealed to the other parties. As such, she is entitled to absolute judicial immunity.

Plaintiff, among other things, accuses Judge Boliker of improperly circulating his photograph to court personnel and sending correspondence to the judge overseeing his divorce case after she had concerns that Plaintiff was stalking her. (Dkt. 15 ¶ 1(a).) Similarly, these actions entitle Judge Boliker to judicial immunity as they were judicial acts aimed at protecting the safety and integrity of the court – actions taken by judges in the official capacity. Courts have recognized that securing a courtroom may be a judicial function. *See Martinez v. Winner*, 771 F.2d 424, 434 (10th Cir.), *opinion modified on denial of reh'g*, 778 F.2d 553 (10th Cir. 1985), *cert. granted, judgment vacated sub nom. Tyus v. Martinez*, 475 U.S. 1138 (1986) ("it is the judge's responsibility to exercise control over the courtroom and take security precautions during a trial.")

Even if Judge Boliker's other actions were not considered judicial acts, Plaintiff's claims against her would still be subject to dismissal. Stepping back, it is important to note that Plaintiff's sister represents him in the divorce proceedings and she subpoenaed Judge Boliker more than a year ago to appear for deposition as a witness in the divorce matter. Therefore, complaints that Boliker violated his rights by having an attorney appear for her or send courtesy copies to the court are frivolous in that Boliker has the same rights as any witness who is subpoenaed in a civil case and having an attorney represent her interests is entirely appropriate.

Since this Court denied the TRO, Plaintiff seeks to amend his complaint and add more reasons for injunctive relief citing to the Chief Judge's communication to him that states, in essence, that if Kowalski has a challenge to any judge's ethical obligations, he should file the challenge

4

according to the rules. Instead, Plaintiff misstates the letter suggesting that the Chief Judge has found Judge Dickler to have engaged in misconduct. Once again, the Plaintiff misrepresents the very facts that allegedly support his claim. As a result, his motion for injunctive relief and his motion for leave to amend his complaint are denied.

In short, this case is not a federal case for four reasons: 1) Plaintiff has failed to allege cognizable constitutional violation by the Cook County Defendants; (2) Judge Dickler acted within her judicial authority to reveal to the parties in the Plaintiff's divorce action that she was sent ex parte letter by Plaintiff's counsel and therefore she is entitled to absolute judicial immunity;[5] 3) Judge Boliker is both a sitting judge and a witness and has a right to protect herself in both positions and nothing in the record suggests that she is crossing the boundaries of either by first getting an attorney to represent her in an obviously volatile civil case where she has been subpoenaed as a witness, and second, by conveying to the security in her building that a litigant has been acting aggressively toward her (which is evidenced, in part, by the filing of this frivolous lawsuit); and 4) because the Court declines to insert itself in a clearly state court controlled divorce proceedings which is properly being heard in the circuit court of Cook County.

## **CONCLUSION**

For the foregoing reasons, Kowalski's Complaint is dismissed without prejudice and his motions for injunctive relief and for leave to amend his complaint are denied. If in the future, Plaintiff has facts that support any of the claims he makes here today, he may refile. But on the facts stated in his own filings and his own statements to this Court in open court, he does not have a federal case.

Date: 4/28/2017

_____
Virginia M. Kendall, U.S. District Court Judge

---

[5] To the extent Plaintiff seeks monetary damages from Judges Boliker and Dickler in their official capacities, his claims are barred by Eleventh Amendment sovereign immunity. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 and n.14 (1987).

5